CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 11 2019

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal Action No. 7:15CR00094 |
| v. | ) |
| | ) **ORDER** |
| SYLVESTER MONROE JACKSON, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Senior United States District Judge |

In October of 2017, the defendant, Sylvester Monroe Jackson, was sentenced to a term of imprisonment of 160 months for his role in a conspiracy to distribute methamphetamine. The defendant recently filed a motion for reduction of sentence pursuant to the First Step Act of 2018. The government has moved to dismiss the defendant's motion.

As the government explains in its submission, the First Step Act permits the court to retroactively apply the statutory penalties modified by the Fair Sentencing Act of 2010. See First Step Act of 2018, 115 Pub. L. 391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018). The Fair Sentencing Act "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016) (citing Fair Sentencing Act of 2010, § 2, Pub. L. No. 111-220, 124 Stat. 2372, 2373 (codified at 21 U.S.C. § 841(2012))). The Fair Sentencing Act took effect on August 3, 2010 and applies to defendants sentenced for cocaine base offenses after that date. Dorsey v. United States, 567 U.S. 260, 264 (2012).

Because the offense for which the defendant was sentenced in 2017 involved methamphetamine, rather than cocaine base, it is not a "covered offense" for purposes of the First Step Act. See 115 Pub. L. 391, § 404(a) ("In this section, the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3,

2010). Consequently, the defendant is not eligible for a sentence reduction under the new statutory provision. See id. § 404(b) (permitting a "court that imposed a sentence for a 'covered offense' . . . [to] impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed").

For these reasons, it is hereby

**ORDERED**

as follows:

1. The government's motion to dismiss (Dkt. No. 78) is **GRANTED**; and

2. The defendant's motion for reduction of sentence (Dkt. No. 77) is **DENIED**.

The Clerk is directed to send a copy of this order to the defendant and all counsel of record.

DATED: This 11th day of February, 2019.

_____
Senior United States District Judge