CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 12 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:15CR00094 |
| | ) | (Civil Action No. 7:18CV81335) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SYLVESTER MONROE JACKSON, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Senior United States District Judge |

Sylvester Monroe Jackson, a federal inmate proceeding pro se, has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, to which Jackson has responded, making the matter ripe for consideration. For the reasons that follow, the government's motion to dismiss will be granted and Jackson's motion to vacate will be denied.

## Background

On October 15, 2015, a grand jury in the Western District of Virginia returned an indictment against Jackson. Count One of the indictment charged him with conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. On May 10, 2016, Jackson entered a plea of guilty to that count. As permitted by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed that Jackson should receive a term of imprisonment of 160 months.

Jackson appeared for sentencing on October 5, 2017. At that time, the court accepted the plea agreement. The court imposed a term of imprisonment of 160 months, as agreed to by the parties under Rule 11(c)(1)(C). Jackson did not appeal his conviction or sentence.

On October 11, 2018, Jackson moved to vacate his sentence under 28 U.S.C. § 2255. Jackson filed an amended, superseding § 2255 motion on March 7, 2019. In the amended motion, Jackson claims that his attorney was ineffective in failing to move to dismiss the indictment on various grounds. The matter is now ripe for review.

## Discussion

Section 2255 sets forth four grounds on which a prisoner in federal custody may collaterally attack his sentence: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Jackson has moved to vacate his sentence on the basis that defense counsel's failure to challenge the validity of the indictment violated his Sixth Amendment right to effective assistance of counsel. Claims of ineffective assistance are reviewed under the standard enunciated by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). "Under Strickland, a movant seeking collateral relief from his conviction or sentence through an ineffective assistance claim must show (1) that his counsel's performance was deficient and (2) that the deficiency prejudiced his defense." United States v. Basham, 789 F.3d 358, 371 (4th Cir. 2015) (citing Strickland, 466 U.S. at 687).

To demonstrate deficient performance under Strickland, the movant must "show that counsel's representation fell below an objective standard of reasonableness" measured by

2

"prevailing professional norms." 466 U.S. at 688. In assessing whether counsel's actions were unconstitutionally deficient, the court "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. at 689. "The Strickland standard is difficult to satisfy, in that the 'Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.'" Basham, 789 F.3d at 371 (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)); see also Strickland, 466 U.S. at 689 (emphasizing that a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time").

The prejudice prong of the Strickland test inquires into whether the alleged error by counsel affected the judgment. See 466 U.S. at 691. The movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Jackson's claims of ineffective assistance are based on defense counsel's failure to challenge the validity of the indictment. In particular, Jackson contends that his attorney should have sought dismissal of the indictment on the following grounds: (1) he was denied the opportunity to challenge the grand jury array or any individual grand jurors; (2) at least 12 grand jurors did not concur in the indictment; and (3) these alleged defects deprived the court of subject matter jurisdiction. For the following reasons, the court concludes that Jackson's claims do not satisfy Strickland's stringent requirements.

Jackson first contends that he "did not have the opportunity to challenge the grand jury array . . . and individual grand jurors prior to the grand jury being seated," and that counsel should have moved to dismiss the indictment on that basis. Am. § 2255 Mot. 3, Dkt. No. 95. Under the Federal Rules of Criminal Procedure, a defendant "may challenge the grand jury on the ground that it was not lawfully drawn, summoned, or selected, and may challenge an individual juror on the ground that the jury is not legally qualified." Fed. R. Crim. P. 6(b)(1). However, Jackson does not allege, much less offer any evidence to suggest, that the grand jury in his case was unlawfully drawn, summoned, or selected, or that any particular grand juror was not legally qualified to serve. Consequently, Jackson is unable to establish that his attorney was ineffective in failing to raise the challenges permitted by Rule 6(b)(1), or in failing to seek dismissal of the indictment on such grounds.

Jackson also contends that his attorney should have moved to dismiss the indictment on the basis that at least twelve grand jurors did not concur in the indictment. See Fed. R. Crim. P. 6(f) ("A grand jury may indict only if at least 12 jurors concur."). This claim is foreclosed by the record filed with the Clerk. See Fed. R. Crim. P. 6(b) ("The foreperson . . . will record the number of jurors concurring in every indictment and will file the record with the clerk, but the record may not be made public unless the court so orders."). The court has reviewed the relevant record at the request of the government and confirmed that more than twelve grand jurors concurred in the defendant's indictment. Consequently, Jackson has no viable claim of ineffective assistance based on counsel's failure to challenge the validity of the grand jury proceedings.

Finally, the court notes that "defects in an indictment do not deprive a court of its power to adjudicate a case." United States v. Cotton, 535 U.S. 625, 631 (2002). Thus, even if the indictment against Jackson were defective in some manner, he cannot establish that his attorney rendered ineffective assistance by not moving to dismiss the case for lack of subject matter jurisdiction.

## Conclusion

For the reasons stated, the court concludes that Jackson is not entitled to relief under § 2255. Consequently, the court will grant the government's motion to dismiss and deny Jackson's motion. Additionally, because Jackson has failed to make a substantial showing of the denial of a constitutional right, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 12th day of August, 2019.

_____
Senior United States District Judge